Tames Clyde **THORNE, Appellant**
(Defendant Below),

v.

**STATE of Indiana, Appellee**
(Plaintiff Below).

No. 82S04–8802–CR–261.

Supreme Court of Indiana.

Feb. 25, 1988.

Terry A. White, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

This case challenges the State's use of peremptories to remove black members from a jury venire.

Appellant Tames Clyde Thorne was convicted by a jury of one count of dealing in a Schedule II controlled substance, a class B felony, Ind.Code § 35–48–4–2 (Burns 1985 Repl.), and two counts of dealing in a substance represented to be a controlled substance, a class D felony, Ind.Code § 35–48–4–4.5 (Burns 1985 Repl.). The trial court sentenced him to ten years in prison for the class B offense, suspending four years of the sentence to probation. It imposed concurrent two year sentences for each of the class D convictions.

The Court of Appeals affirmed, rejecting Thorne's three allegations of error. *Thorne v. State* (1987), Ind.App., 509 N.E. 2d 877. We grant transfer to consider one of those allegations, a claim arising from *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Thorne argues that the prosecutor removed the two black members of the venire based on their race. The first was Radcliff Pendleton, who acknowledged during voir dire that he had "been up state" and was still on probation. The other was Mary Civils.[1] Thorne's counsel asked Civils about her understanding of the burden of proof beyond a reasonable doubt, about defendant's right not to present any evidence, and about her hearing. The deputy prosecutor inquired whether she understood the nature of the offense of dealing in a substance represented to be a controlled substance and whether she had "any problems with it." He also asked whether she would be able to follow the judge's instructions on the law and whether there was any reason why she could not be a fair and impartial juror. Civils responded to these questions with brief and appropriate answers.

Thorne claims that this record constitutes a prima facie showing of unlawful discrimination, to which the prosecutor did not offer a racially neutral explanation. He asserts that he is entitled to a reversal.

In *Batson*, the Supreme Court overruled in part *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), and outlined a test for determining whether a prosecutor's use of peremptory challenges is racially based. The *Batson* Court could well have declared that removing the only potential black jurors is prima facie evidence of discrimination, but it announced a more complex test. We describe our method of resolving *Batson* claims arising from cases tried before *Batson* was issued more fully today in *Love v. State* (1988), Ind., 519 N.E.2d 563. Consistent with that analysis, we conclude that the record in Thorne's case does not warrant reversal or remand of his direct appeal.

The record indicates that the State had a valid, non-racial basis for exercising a peremptory challenge as to Pendleton. The State's strike of Civils, standing alone, does not raise an inference of racial discrimination; nor do the nature of the questions put to Civils or her responses support such an inference. Unlike the transcript of the voir dire in *Love*, nothing in the trial record would support the finding that an inference of purposeful discrimination had been raised.

We conclude Thorne is not entitled to reversal on this issue. The decision of the Court of Appeals on the other allegations of error is hereby adopted. Appellate Rule 11, Ind. Rules of Procedure.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.

---

**1.** A misspelling in the transcript resulted in some references to her as Mary Sibles. Thorne has clarified the record by providing an affidavit from the trial court indicating that Mary Civils and Mary Sibles are the same person.